UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE TINITALI,<br><br>        Plaintiff,<br><br>   v.<br><br>KAREN FLYNN,<br><br>        Defendant. | No. 2:15-cv-2197-EFB P<br><br><br>ORDER |

Plaintiff is a county inmate proceeding without counsel in this civil action.[1] She has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.  Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

## II. Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Plaintiff alleges that Sacramento County's Chief Assistant Public defender denied her petition for resentencing under Proposition 47. In addition to seeking $2.5 million in damages, she requests "immediate release" from custody. ECF No. 1. As explained below, this action must be dismissed without prejudice to plaintiff's pursuit of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Where success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

Plaintiff's success in this action would necessarily implicate the duration of her confinement because her only challenge is to the duration of her sentence and the very fact that she is confined. Accordingly, a writ of habeas corpus is plaintiff's sole remedy in federal court, which she may pursue only after exhausting all of her constitutional claims in state court. Therefore, plaintiff's complaint must be dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court

should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

### III. Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 6) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sheriff of Sacramento County filed concurrently herewith.
3. The complaint is dismissed without prejudice to plaintiff's proper pursuit of habeas corpus relief in a new action.
4. The Clerk of the Court shall close the case.

Dated: January 14, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE